W. Christopher Maloney (SBN 311102)
Chris.Maloney@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Jonathan C. Balfus, Esq. (SBN 155532)
Jonathan.Balfus@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant THE GARRIGAN
GROUP. LLC dba COCO & DASH

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HÄSTENS SÄNGAR AB, | Case No.: 3:22-cv-03623-VC |
| Plaintiff, | Judge: Hon. Vince Chhabria |
| | Court Room.: 4 |
| v. | |
| THE GARRIGAN GROUP D/B/A COCO & DASH, | **DEFENDANT THE GARRIGAN GROUP D/B/A COCO & DASH'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE** |
| Defendant. | |
| | (*Filed Concurrently with Supporting Declarations of Courtney and Dan Garrigan and Darcy Manning*) |
| | **Hearing Date:  November 3, 2022** |
| | **Time:          2:00 pm** |
| | **Courtroom:   4** |
| | Action Filed: June 21, 2022 |
| | First Amended Complaint Filed: August 26, 2022 |
| | Trial Date: None |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE that** on November 3, 2022, at 2:00 p.m. or as soon thereafter as the matter may be heard in the above-titled court, located at the San Francisco Courthouse, Courtroom 4, 450 Golden Gate Avenue, San Francisco, CA 94102 (or by telephonic or video appearance in accordance with the Court's standing order), Defendant The Garrigan Group, LLC dba Coco & Dash ("Defendant"), will move the Court to dismiss this action as against it pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) because this Court lacks personal jurisdiction over Defendant, because venue is improper in this District, and because Defendant was first to file an action against Plaintiff Hästens Sängar AB—involving the same facts, parties, evidence and issues—in an action pending in the United States District Court for the Northern District of Texas.  Alternatively, Defendant seeks an order transferring venue of this action to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declarations submitted in support thereof, and the pleadings and papers filed herein.

Dated: September 23, 2022                    WILSON, ELSER, MOSKOWITZ,
                                             EDELMAN & DICKER LLP

                                             By:___ _/s/ Jonathan C. Balfus_
                                                  Jonathan C. Balfus
                                                  Attorneys for Defendant THE
                                             GARRIGAN GROUP, LLC dba COCO &
                                             DASH

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT
PURSUANT TO FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE
275892480v.1

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................................................1

II.  PARTIES .........................................................................................................................1

III.  BACKGROUND ...............................................................................................................2

    A.  The Sofa ...............................................................................................................2

    B.  The Texas Action ................................................................................................2

    C.  Plaintiff's Complaint ...........................................................................................3

    D.  Defendant's Motion to Dismiss .........................................................................4

    E.  Plaintiff's FAC ....................................................................................................4

IV.  DISCUSSION ...................................................................................................................4

    A.  The Complaint Should Be Dismissed Under the First-to-File Rule .......................4

    B.  The Complaint Should Be Dismissed Pursuant to FRCP 12(b)(2) .........................5

        1.  Defendant Is Not Subject to This Court's General Jurisdiction .................6

        2.  Defendant Is Not Subject to This Court's Specific Jurisdiction .................6

    C.  The Complaint Should Be Dismissed Pursuant to FRCP Rule 12(b)(3) ................9

    D.  The Introduction of Chairish Does Not Create Jurisdiction Over Defendant ........10

    E.  Alternatively, This Case Should Be Transferred to the Northern District of Texas ..................................................................................................................11

V.  CONCLUSION ................................................................................................................13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apple Inc. v. Volp-Pal.com, Inc.*,
  506 F.Supp.3d 947 (N.D. Cal. 2020) ........................................................................ 5

*Chen v. Pioneer Oil, LLC*,
  472 F.Supp.3d 704 (N.D. Cal. 2020) ................................................................. 13, 14

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ..................................................................................................... 6, 7

*Elecs. for Imaging, Inc. v. Coyle*,
  394 F.3d 1341 (Fed. Cir. 2005) ................................................................................ 4

*Ford Motor Co. v. Montana Eighth Judicial District Court*,
  141 S. Ct. 1017 (2021) ............................................................................................... 6

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) .............................................................................................. 5, 6

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ................................................................................. 13

*Kaia Foods, Inc. v. Bellafiore*,
  70 F. Supp. 3d 1178 (N.D. Cal 2014) ................................................................. 9, 13

*King v. American Family Mutual Ins. Co.*,
  632 F.3d 570 (9th Cir. 2011) ................................................................................. 6

*Lou v. Belzberg*,
  834 F.2d 730 (9th Cir. 1987) ................................................................................. 13

*Merial Ltd. v. Cipla Ltd.*,
  681 F.3d 1283 (Fed. Cir. 2012) ............................................................................. 4

*Pebble Beach Co. v. Caddy*,
  (9th Cir. 2006) 453 F.3d 1151 .............................................................................. 5, 6

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ............................................................................... 6

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ................................................................................. 5

*Smic v. Innovative Foundry Techs. LLC*,
  473 F.Supp.3d 1021 (N.D. Cal. 2020) ................................................................. 4

*Tuazon v. R.J. Reynolds Tobacco Co.*,
  433 F.3d 1163 (9th Cir. 2006) ............................................................................. 7

*Walden v. Fiore*,
  571 U.S. 277 (2014) ............................................................................................. 6

*Williams v. Yamaha Motor Co. Ltd.*,
  851 F.3d 1015 (9th Cir. 2017) .......................................................................... 8, 9

**Statutes**

28 U.S.C. § 1391(b) ....................................................................................... 10, 11

28 U.S.C. § 1391(b)(1) ......................................................................................... 11

28 U.S.C. § 1391(b)(2) ......................................................................................... 11

28 U.S.C. § 1404(a) .......................................................................................... 1, 12

28 U.S.C. §§ 1391(b)(1)-(3) ................................................................................ 11

Cal. Bus. & Prof. Code § 17200 ........................................................................... 3

**Rules**

Fed. R. Civ. P. § 12(b)(2) .............................................................................. 1, 5, 10

Fed. R. Civ. P. § 12(b)(3) ............................................................................ 1, 10, 11

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.  INTRODUCTION

This case concerns a sofa.  Specifically, a custom-made sofa covered in blue and white check fabric commissioned by Defendant The Garrigan Group, LLC dba Coco & Dash ("Defendant") for its boutique in Dallas, Texas.  Plaintiff Hästens Sängar AB ("Plaintiff") wrote to Defendant alleging that the sofa violated its trademark rights in mattresses and bedding bearing a similar check design, and demanded that Defendant cease and desist from selling the sofa.

In response, Defendant filed an action in District Court in Texas seeking declaratory relief that: (1) the sofa does not infringe Plaintiff's intellectual property rights; and (2) that Plaintiff's trademarks for its check design are invalid and unenforceable.  Five months later, Plaintiff brought this action for trademark infringement and Lanham Act violations based on the sofa.

Defendant moved to dismiss this action under Federal Rule of Civil Procedure ("FRCP") 12(b)(2) and 12(b)(3) because the Court lacks personal jurisdiction over Defendant, because venue is improper in this District, and because Defendant was first to file an action involving the same facts, parties, evidence and issues in a different judicial district.  *See* Doc. 18.  Defendant alternatively sought an order transferring venue of this action to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).  Id.

Rather than oppose an undefeatable motion, Plaintiff amended its complaint to add a new defendant, Chairish, Inc. ("Chairish"), in a desperate attempt to keep the action before this Court. As discussed below, Plaintiff's naming Chairish as a party is disingenuous attempt to conjure jurisdiction over Defendant where none exists.  Defendant again moves to dismiss this action on the same grounds as its first motion, which are still wholly applicable.

## II.  PARTIES

Plaintiff is a Swedish corporation with its principal place of business in Köping, Sweden. First Amended Complaint, Doc. 19, ("FAC"), ¶ 6.  Plaintiff owns federal trademark registrations for bedroom furniture in a check pattern (the "Hästens Registrations").  Id. ¶ 10.  The FAC

1

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO
FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE

references eleven separate registrations for mattresses, linens, beds and bed steads, pillows, sheets, quilts, sleepwear and socks, but not sofas.  Id.

Defendant is a limited liability company based in Dallas, Texas, where it owns and operates an interior design and home furnishings boutique called "Coco & Dash."  Declaration of Courtney Garrigan ("Courtney Decl."), ¶ 2.

Chairish is a Delaware corporation headquartered in San Francisco. It is an online marketplace for rare vintage, antique and contemporary home furnishings and art.  It holds no inventory and lists items from sellers located all over America and Europe.  Declaration of Darcy Manning ("Manning Decl."), ¶ 2.

## III.    BACKGROUND

### A.   The Sofa.

Defendant creates "vignettes" in its showroom consisting of furniture, art, antiques and accessories based on particular themes.  Courtney Decl., ¶ 3.  In 2020, Defendant created and staged a vignette based on photographs of Gloria Vanderbilt taken in 1972, showing the fashion icon at home with her children seated on a check-patterned sofa.  Id.

As part of its vignette, Defendant commissioned a sofa inspired by the one shown in the Vanderbilt photographs (the "Sofa").  Courtney Decl., ¶ 4.  The Sofa was bench-made for Defendant in North Carolina by Chaddock Furniture Workroom based on its "Origami" model, and covered in blue and white check "Lackland" fabric manufactured by Brunschwig & Fils.  Id.  The Sofa is a made-to-order, one of a kind piece.  Defendant only ordered the one item for its vignette and does not sell, and has never offered for sale, any other furniture, pillows, accessories or other products featuring the Lackland fabric or a similar check fabric.  The Sofa is and has been located in Defendant's Dallas boutique since it was first ordered by Defendant.  Id., ¶ 5.

### B.   The Texas Action.

On November 19, 2021 Plaintiff's counsel sent a letter to Defendant demanding that it cease and desist from all use of the check pattern shown in the Hästens Registrations, to provide

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO
FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE

an accounting of all goods sold featuring that pattern, as well as an inventory of goods in stock bearing the pattern.  Declaration of Daniel P. Garrigan, Esq. ("Garrigan Decl."), ¶ 2.

On December 1, 2021 Defendant's attorney wrote to Plaintiff's counsel asserting, *inter alia*, that there was no likelihood of confusion between Plaintiff's bedding products and the Sofa, explaining that the sofa "is a one-of-a-kind item."  Garrigan Decl., ¶ 3.  The letter attached as an exhibit results of a Google search showing that there are literally hundreds of furniture items currently offered for sale online that are covered in fabric bearing a check pattern similar or identical to the check Plaintiff claims is its exclusive intellectual property.  ¶ 4.

On January 3, 2022, Defendant filed a complaint against Plaintiff in the United States District Court for the Northern District of Texas, Dallas Division (the "Texas Action"), for declaratory relief that: (1) the Sofa did not infringe the Hästens Registrations; and (2) that the Hästens Registrations are invalid and unenforceable.  Garrigan Decl., ¶ 5, Exh. "A.".

C.   Plaintiff's Original Complaint.

On June 21, 2022 Plaintiff filed its complaint herein, alleging claims against Defendant for federal and common law trademark infringement, false designation of origin under the Lanham Act, and unfair business practices under California Business and Professions Code §§ 17200 *et seq*.  All of Plaintiff's claims are based on The Sofa, which Plaintiff referred to as a "Disputed Product."  Specifically, Plaintiff alleged:

- "Coco & Dash has been and, upon information and belief, is still currently manufacturing, producing, marketing, advertising, offering for sale and/or selling products, including but not limited to home furnishings such as sofas and pillows, featuring a check pattern identical and/or confusingly similar to one or more of the Hästens Design Marks."  Complaint, ¶ 19.

- "[N]otwithstanding having been put on actual and constructive notice of Hästens' rights in and to the Hästens Design Marks, Coco & Dash continues to market, advertise, offer for sale and/or sell the Disputed Products, at the very least, via the Coco & Dash Website and the Coco & Dash Showroom.  Complaint, ¶ 32.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE

D.  Defendant's Motion to Dismiss

On August 5, 2022, Defendant filed a motion to dismiss Plaintiff's complaint on grounds that the Court lacks personal jurisdiction over Defendant, that venue is improper in this District, and because Defendant had already filed an action involving the same facts, parties, evidence and issues in a different judicial district.  Doc. 18.

E.  Plaintiff's FAC

On August 26, 2022, Plaintiff filed its FAC with material allegations identical to its original complaint with respect to Defendant, and additional allegations pertaining to Chairish.


IV.    DISCUSSION

A.  The FAC Should Be Dismissed Under the First-to-File Rule.

The first-to-file rule is a doctrine of federal comity that favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions. *Merial Ltd. v. Cipla Ltd.,* 681 F.3d 1283, 1299 (Fed. Cir. 2012).  The rule is "intended to avoid conflicting decisions and promote judicial efficiency." Id.  There must be sound reasons that would make it unjust or inefficient to continue the first-filed action.  *Elecs. for Imaging, Inc. v. Coyle,* 394 F.3d 1341, 1347 (Fed. Cir. 2005). A Court in which the second suit was filed may transfer, stay or dismiss that proceeding in order to allow the Court in which the first action was filed to decide whether to try the case.  *Smic v. Innovative Foundry Techs. LLC*, 473 F.Supp.3d 1021, 1024 (N.D. Cal. 2020).

To apply the first-to-file rule, courts must generally consider: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues.  *Apple Inc. v. Volp-Pal.com, Inc.*, 506 F.Supp.3d 947, 958 (N.D. Cal. 2020).

All three factors of the first-to-file rule are met here.  The Texas Action precedes the instant action by over five months.  The parties in both actions are identical.  The issue in both cases is also identical: does Defendant's offering the Sofa for sale infringe the Hästens Registrations?  In addition, the evidence in both actions (the Sofa) is also identical.  In the interests of comity, judicial

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO
FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE

economy and avoiding inconsistent decisions, the Court should dismiss the FAC to allow the parties to proceed with the first-filed Texas Action.

    B.  <u>The FAC Should Be Dismissed Pursuant to FRCP 12(b)(2).</u>

Under FRCP Rule 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. The plaintiff then bears the burden of demonstrating that jurisdiction exists. *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004). "The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy* (9th Cir. 2006) 453 F.3d 1151, 1154-55.

Due process necessitates that a nonresident defendant has certain minimum contacts with a forum state before that state can exercise personal jurisdiction over that individual or entity. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The forum state can exercise personal jurisdiction if the defendant has sufficient contacts with the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Int'l Shoe*, 326 U.S. at 316).

There are two types of jurisdiction—general and specific. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Each depends on the quantity and quality of contacts that the defendant has with the state. A Court has general jurisdiction over a defendant only when the defendant's contacts with the forum state are so "continuous and systematic as to render [them] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citation and internal quotation marks omitted). Claims based on general jurisdiction "need not relate to the forum State or to the defendant's activity there; they may concern events and conduct anywhere in the world." *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017, 1024 (2021). By contrast, specific jurisdiction attaches where a defendant has sufficient minimum contacts with the state that are relevant to the lawsuit. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO
FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE

275892480v.1

As shown below, Defendant is not subject to either general or specific personal jurisdiction in this Court.

    1.   <u>Defendant Is Not Subject to This Court's General Jurisdiction</u>.

The "substantial" or "continuous and systematic" standard described in *Int'l Shoe* and *Walden* is "met only by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *King v. American Family Mutual Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (internal citation omitted).  It is the nature and extent of an out-of-state defendant's contacts that determines whether they are substantial or continuous and systematic: "Longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets are among the indicia of such a presence." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006).

Defendant's contacts with California are neither "continuous" nor "systematic." Defendant's only place of business is in Dallas, Texas.  Courtney Decl., ¶ 2.  Defendant's co-owners and sole employee do not travel to California for business.  Id., ¶ 6.  Defendant does not own or lease any property in California and has never done so.  Id., ¶ 7.  Defendant does not have, and has never had, an office, employees, agents, or personal representative in California.  Id., ¶ 8. Defendant does not have a bank account, securities, mailing address, post office box, or telephone number in California. Id., ¶ 9.  Defendant's principals have not visited California in over ten years, prior to the formation of Coco & Dash.  Id., ¶ 10.

Based on these facts, it cannot be argued that Defendant is "essentially at home" in this state, or subject to general personal jurisdiction here.  *Daimler*, 571 U.S. at 127.

    2.   <u>Defendant Is Not Subject to This Court's Specific Jurisdiction</u>.

In determining whether there is specific jurisdiction over a defendant, the Ninth Circuit employs the following three-part test:

> (1)   the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the

6

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE

275892480v.1

privilege of conducting activities in the forum, thereby invoking the benefits
and protections of its laws;

(2)     the claim must be one which arises out of or relates to the
defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and
substantial justice, *i.e.*, it must be reasonable.

*Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1023 (9th Cir. 2017).

Plaintiff alleges:

Defendants have regularly transacted, and continue to transact, business in this
State, including but not limited to by Coco & Dash selling furniture and other home
accessories to consumers through its Internet storefront on the Chairish curated
online marketplace, since at least as early as 2017; contract to supply goods and/or
services in this State, including but not limited to through Coco & Dash's contract
with Chairish to sell goods to consumers, which, by its terms, shall be governed by
the laws of the State of California; are causing tortious injury by an act in this State;
and are causing tortious injury in this State by an act outside this State where they
regularly do or solicit business, engage in other persistent courses of conduct and/or
derive substantial revenue from goods used or consumed, or services rendered, in
this state.

FAC, ¶ 3.  In short, Plaintiff asserts that Defendant's listing items on Chairish warrants the
imposition of personal jurisdiction.

Plaintiff is mistaken.  Its allegations mischaracterize the nature and extent of Defendant's
sales activity in California and in this District, which are virtually non-existent.  Since 2017,
Defendant has sold five items through Chairish for a total of $5,962.  Only two those five sales,
totaling $3,421, were to Californian customers, both located in Los Angeles.  The other three sales
were to customers in Texas, Florida and Oklahoma.  Courtney Decl., ¶ 11.  The five items
Defendant sold on Chairish consisted of antique artworks, a light fixture and wall sconces—not
furniture, mattresses, bedding or other textile products.  None of the items featured the "Lackland"
fabric or a similar check pattern.  The Sofa is not offered on Chairish.  Id., ¶ 12.  From January
2017 through June 2022, Defendant's gross receipts total $1,835,350, meaning *the revenue from*

275892480v.1

*Defendant's two sales in Los Angeles amounts to less than 0.02% of its total sales*. Id., ¶ 13. Defendant has no effective presence in or impact on the Californian marketplace, and none whatsoever in this District.

Plaintiff's jurisdictional claims are misleading, if not out patently dishonest. Plaintiff is alleging trademark infringement based on Defendant's listing the Sofa for sale on Chairish. FAC, ¶ 3. However, the Sofa was only listed for sale between October 2021 and January 2022, when it was delisted at Plaintiff's request. Manning Decl., ¶¶ 5-7. In other words, Plaintiff's action is based on allegedly infringing conduct *that Plaintiff knew had ceased more than five months prior to filing its original complaint, and eight months prior to filing the FAC*.

Based on the foregoing, none of the three requisite factors establishes specific jurisdiction over Defendant. *Williams, supra*, 851 F.3d at 1023.

*First*, Defendant did not "purposefully direct" its activities or perform any act to purposefully avail itself "of the privilege of conducting activities" in this jurisdiction. Chairish is an online marketplace accessible anywhere that has Internet access. This Court has held that a Plaintiff may not base jurisdiction on a defendant's offering products for sale on a website where, as here, there is no evidence that orders have been placed by anyone in this District, whether via the website or through any other means. *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1186 (N.D. Cal 2014) (venue improper despite internet users' ability in this district to access a defendant's website when there is no evidence that any orders have ever been placed by purchasers in this district). The two items Defendant sold to buyers in Los Angeles do not warrant the exercise of specific jurisdiction in the Northern District.

*Second*, Plaintiff's claim only concerns the Sofa—the single item Defendant ever offered for sale which Plaintiff claims violates its trademarks. But the Sofa was delisted from the Chairish website at Plaintiff's request back in January. Manning Decl., ¶¶ 5-7. Defendant has never sold any furniture or other item in California (or any other state) bearing a similar checked pattern. Courtney Decl., ¶ 5. Even Plaintiff concedes that the Sofa is only available for purchase "via the

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE

Coco & Dash Website and the Coco & Dash Showroom." FAC, ¶ 42.  Accordingly, Plaintiff's infringement claims do not arise out of or relate to Defendant's activities in this forum.

*Third*, the exercise of jurisdiction in this instance would not be reasonable.  During the applicable time period of 2017 through June 2022, Defendant's gross receipts total $1,835,350. Of this amount, the revenue from Defendant's two sales in Los Angeles total $3,421—less than 0.02% of its revenue.  Courtney Decl., ¶ 12.  It would not comport with "fair play and substantial justice" to compel Defendant to litigate in this forum when 99.98% of its business activities occur outside of California.  This is especially so where the same issues are already being litigated in the Texas Action.  *See* Section IV.A, above.

It must be remembered that we are discussing *a sofa*, a single sofa.  It was offered for sale on Chairish for four months before the listing was removed at Plaintiff's request.  Plaintiff's seeking to drag Defendant to the Northern District of California on account of this single, as-yet unsold item of furniture, still sitting in Defendant's Dallas showroom, is not only unreasonable but absurd.

Defendant did not purposefully direct its activities or consummate transactions with this forum so as to "purposefully avail" itself of the privilege of conducting activities here.  Plaintiff's claim does not arise out of or relate to Defendant's forum-related activities because there were none.  The exercise of jurisdiction over Defendant would not be reasonable where it has no presence in or impact on the Californian marketplace, and none whatsoever in this District.  All it has is a sofa in Dallas.  Based on these considerations, the FAC should be dismissed for lack of personal jurisdiction under FRCP Rule 12(b)(2).

C.  The FAC Should Be Dismissed Pursuant to FRCP Rule 12(b)(3).

Rule 12(b)(3) allows parties to seek dismissal of claims for improper venue. Under the general venue statute, 28 U.S.C. § 1391(b), venue is proper (1) in the judicial district where Defendant resides; (2) in the judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred;" or (3) if there is no district in which an action may otherwise be

brought, the judicial district in which Defendant is subject to the court's personal jurisdiction. 28 U.S.C. §§ 1391(b)(1)-(3).

Here, this District is not the proper venue under any subsection of 28 U.S.C. § 1391(b). Venue would be proper in the Northern District of Texas under Section 1391(b)(1) because Defendant has its principal—and only—place of business in Dallas. Venue is also proper in the Northern District of Texas under Section 1391(b)(2) because the only event giving rise to Plaintiff's claims, namely Defendant's offering the Sofa for sale, occurred there. And, as discussed in Section IV.A, above, the first-filed Texas Action is already pending between the parties.

Venue is further improper in this District proper under Section 1391(b)(2) because Plaintiff does not allege that any of the events or omissions giving rise to Plaintiff's claim occurred here. Plaintiff merely alleges that Defendant offered the Sofa for sale on Chairish, which is headquartered in San Francisco. FAC, ¶ 3. However, the Sofa was delisted from Chairish at Plaintiff's request eight months ago. Manning Decl., ¶ 8. Defendant is not selling, and has never sold, any item bearing a design similar to Plaintiff's trademarked pattern in any part of California. Manning Decl., ¶¶ 5-7; Courtney Decl., ¶ 5.

Pursuant to Rule 12(b)(3), the FAC should be dismissed for improper venue because this case has no connection to the Northern District of California.

D.   The Introduction of Chairish Does Not Create Jurisdiction Over Defendant.

In the FAC, Plaintiff falsely alleges that Defendant is "still currently manufacturing, producing, marketing, advertising, offering for sale and/or selling products" featuring a check pattern similar to the Hästens Registrations, and inserts a picture of the Sofa and of its listing on Chairish. FAC, ¶¶ 23, 24. If Plaintiff was not aware that the Sofa had been delisted from Chairish when it filed its original complaint, it certainly ascertained that fact prior to filing its amended pleading. Both Defendant and Chairish submitted declarations in support of the original motion to dismiss stating that the Sofa is not offered on Chairish and, in fact, was delisted on January 17, 2022 at Plaintiff's request. Courtney Decl., ¶ 12; Manning Decl., ¶ 8. Chairish specifically stated that "The sofa has not been relisted on Chairish since that date," Id.  Further, Defendant's

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO
FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE

declaration explicitly stated that "The Sofa is a made-to-order, one of a kind piece. Coco & Dash only ordered the one piece for our vignette and do not sell, and have never offered for sale, any other furniture, pillows, accessories or other products featuring the Lackland fabric or a similar check fabric."  Courtney Decl., ¶ 5.  Plaintiff's complete disregard for these sworn statements establish that its new allegations are a dishonest, desperate attempt to conjure jurisdiction over Defendant where none exists.  The Court should not countenance this cynical abuse of the pleading process.

E.  Alternatively, This Case Should Be Transferred to the Northern District of Texas.

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

To prevail on a motion to transfer, a moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice.  *Chen v. Pioneer Oil, LLC*, 472 F.Supp.3d 704, 708 (N.D. Cal. 2020).

When considering a motion to transfer venue, a court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

In this case, the *Jones* factors are either inapplicable or favor transfer to the Northern District of Texas.  The first and second factors do not come into play: there are no agreements at issue and federal trademark law is equally applicable in both Texas and California.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO
FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE

The third factor is also inapplicable here because, although Plaintiff chose to file in California, that decision was entirely based on the location of Chairish. Since it is not disputed that Chairish delisted the Sofa in January 2022, it cannot be expected to participate in this action. FAC, ¶ 3; Manning Decl., ¶¶ 5-7. When the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, the plaintiff's choice is entitled to only minimal consideration. *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987).

The fourth and fifth factors—the parties' contacts with the forum and the contacts relating to the plaintiff's cause of action here—both favor transfer. Defendant is not subject to jurisdiction in California. Plaintiff does not allege that it has any specific contacts with this forum, either. Similarly, Plaintiff's claims in this action do not arise from its or Defendant's contacts with this forum. *See Kaia Foods, supra,* 70 F. Supp. 3d at 1186-87.

The sixth factor—costs of litigation—definitely favors transfer to Texas. Defendant is a mother-daughter shop located in Dallas. Plaintiff is a foreign company selling its products in multiple retail stores in cities throughout the United States, including Dallas. The resources of this enormous corporation dwarfs those of Defendant. Convenience of the witnesses and ease of access to the evidence are key factors in venue transfer analysis; some Courts consider the paramount consideration in determining whether to transfer venue to be convenience to material witnesses. *Chen, supra,* 472 F.Supp.3d at 711. Compelling Defendant to participate in a litigation proceeding far from its home state would be unfairly burdensome. This is especially so when Plaintiff has not alleged any connection between itself and this District or, indeed, any compelling reason to have filed suit here.

The seventh factor is neutral as there are no non-party witnesses in this matter.

Lastly, the eighth factor—access to proof—favors transfer to Texas because the only physical evidence in the case is the Sofa, which is sitting in Defendant's Dallas showroom.

In addition to all the foregoing considerations, a motion to transfer is necessitated by the fact that the issues in this case are already the subject of a lawsuit between the same parties in the

first-filed Texas Action.  Transfer is doubly proper when the appropriate venue to try the matter is the transferee district of Texas, where the same suit has been pending since January of this year.

## V.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court grant its motion to dismiss the FAC as against it or, alternatively, order that venue be transferred to the Northern District of Texas.

Dated: September 23, 2022              WILSON, ELSER, MOSKOWITZ,
                                        EDELMAN & DICKER LLP

                                       By:____/s/ Jonathan C. Balfus_
                                          Jonathan C. Balfus
                                          Attorneys for Defendant THE
                                       GARRIGAN GROUP, LLC dba COCO &
                                       DASH

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO
FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE

## CERTIFICATE OF SERVICE

## FEDERAL COURT PROOF OF SERVICE

**United States District Court, Northern District of California**
**Hastens Sangar AB v. The Garrigan Group d/b/a Coco & Dash**
**Case No.**  3:22-cv-03623-VC

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 555 South Flower Street, Suite 2900, Los Angeles, California, 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made. My electronic service address is susan.marriott@wilsonelser.com.

On **September 23, 2022**, I served the following document(s):

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE; DECLARATION OF COURTNEY GARRIGAN; DECLARATION OF DANIEL P. GARRIGAN; DECLARATION OF DARCY MANNING**

I served the document(s) on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

The documents were served by the following means:

**[X]     (BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on **September 23, 2022**, at Los Angeles, California.

_____*/s/Autumn LeFlore Robinson*_____     .
Autumn LeFlore Robinson

14
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE

275892480v.1

**United States District Court, Northern District of California**
**Hastens Sangar AB v. The Garrigan Group d/b/a Coco & Dash**
**Case No.** 3:22-cv-03623-VC

### SERVICE LIST

| | |
|---|---|
| **Erica J. Van Loon**<br>**Andrew H. Winetroub**<br>**NIXON PEABODY LLP**<br>**One Embarcadero Center**<br>**San Francisco, CA 94111-3600**<br>**evenloon@nixonpeabody.com**<br>**awinetroub@nixonpeabody.com**<br>**T: (415) 984-8200; F: (415) 984-8300** | *Attorneys for Plaintiff* |
| **David L. May**<br>**Jennette W. Psihoules**<br>**NIXON PEABODY LLP**<br>**799 9th Street NW**<br>**Washington, DC 20001-4501**<br>**dmay@nixonpeabody.com**<br>**jpsihoules@nixonpeabody.com**<br>**T: (202) 585-8000; F: (202) 585-8080** | *Attorneys for Plaintiff* |

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO
FRCP RULES 12(b)(2) AND 12(b)(3) OR, ALTERNATIVELY, TO TRANSFER VENUE