# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| THE GARRIGAN GROUP, LLC d/b/a COCO & DASH,<br>　　　Plaintiff, | §<br>§<br>§<br>§ | |
| VS. | §<br>§ | Civil Action No. _____ |
| HASTENS SANGAR AB,<br>　　　Defendant. | §<br>§<br>§ | |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND RELIEF PURSUANT TO 15 U.S.C. § 1125

**TO THE UNITED STATES DISTRICT JUDGE:**

Plaintiff, The Garrigan Group, LLC d/b/a Coco & Dash, ("Coco & Dash" or "Plaintiff") files this complaint for declaratory judgment against Defendant, Hastens Sangar AB, ("Hastens" or "Defendant").

### NATURE OF THE ACTION

1. Plaintiff seeks a declaratory judgment of non-infringement of alleged trademarks asserted against Plaintiff by Defendant Hastens. Plaintiff further seeks a declaratory judgment that any alleged trademarks asserted by Hastens that it claims Plaintiff is infringing upon are invalid and unenforceable.

2. Hastens has asserted that Plaintiff Coco & Dash is infringing upon Hastens' alleged trademark by marketing and offering for sale a sofa covered with blue and white buffalo check fabric. Coco & Dash denies that it has infringed upon any trademarks owned or registered by Hastens relating to any products marketed or offered for sale by Hastens.

---

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**
**AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 1**

## THE PARTIES

3. Plaintiff, The Garrigan Group, LLC, is a limited liability company organized under the laws of the State of Texas and doing business as Coco & Dash in Dallas, Dallas County, Texas. Coco & Dash is engaged in the retail business of marketing and selling home accessories with its sole place of business at 2819 N. Henderson Ave., Dallas, Texas 75206.

4. Upon information and belief, Hastens Sangar AB, Defendant, is a corporation of Sweden with an address of record of Box 130, Koping, Sweden 73123.

## JURISDICTION AND VENUE

5. This is an action for declaratory judgment arising under (i) the Trademark Laws of the United States 15 U.S.C. §1051 et seq. (the "Trademark Act"); (ii) 15 U.S.C. §1125 et seq. (the "Lanham Act") and (iv) 28 U.S.C. §§2201 and 2202 (the "Declaratory Judgment Act") and cancellation of federal mark registrations pursuant to 15 U.S.C. § 1064. Thus, this Court has jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. §§ 1331, 1337, and 1338.

6. Defendant Hastens is also subject to the personal jurisdiction of this Court because the Defendant does business in the state of Texas. In addition, its false assertions of infringement of alleged trademarks were directed to Plaintiff in the state of Texas. Thus, this Court has both general and specific personal jurisdiction over Hastens.

7. Venue for this action is proper in the Northern District of Texas under 28 U.S.C. §1391(b)(1) and (2) because Defendant is subject to the personal jurisdiction of this Court in this Judicial District and thus qualifies as a resident of the Northern District of Texas under 28 U.S.C.

___

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 2**

§1391(c)(2). In addition, all or a substantial portion of the events giving rise to Plaintiff's claims have occurred and will continue to occur in the Northern District of Texas.

## FACTUAL BACKGROUND OF CLAIM

8.  Plaintiff re-avers and re-states the foregoing Paragraphs 1- inclusively as if fully set forth herein.

9.  Plaintiff operates a small home furnishings store at 2819 N. Henderson Ave., Dallas, Texas under the trademarked name, Coco & Dash.

10. Hastens is a company that is engaged in the manufacture, distribution and sale of beds and related products, including mattresses, linens, quilts and pillows. Hastens owns at least nine (9) U.S. Trademark registrations. The registrations at issue are as follows:

11. Hastens owns U.S. Registration No. 2,648,250 (the ''250 Registration'') for the mark depicted below:



12. The '250 Registration lists the following goods and services: "Class 20: Furniture, namely beds, bedsteads and bedroom furniture; mirrors, bedroom mirrors, picture frames; bedding, namely, mattresses, spring mattresses, pillows and down pillows in Class 20 and Textile products

---

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 3**

not included in other classes, namely bed covers and curtains of textile; bed linen, namely, sheets and pillow cases; down quilts, bed blankets."

13.    Hastens owns U.S. Registration No. 3,813,053 (the ''053 Registration'') for the mark depicted below:



14.    The '053 Registration lists the following goods and services: "Class 20: Furniture, namely beds, bedsteads and bedroom furniture; [mirrors, bedroom mirrors, picture frames;] bedding, namely, mattresses, spring mattresses, pillows and down pillows; Class 24: Woven textiles, namely, sheets, towels, bed blankets; textile products not included in other classes, namely, bed spreads [and curtains of textile;] bed linen, bed clothes including blankets and pillow cases; down quilts."

15.    Hastens owns U.S. Registration No. 5,700,061 (the ''061 Registration'') for the mark depicted below:

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 4**



16. The '061 Registration lists the following goods and services: "beds, mattresses sold as a component of beds; spring mattresses sold as a component of beds, in Class 20;"

17. Hastens owns U.S. Registration No. 5,947,305 (the "'305 Registration") for the mark depicted below:



18. The '305 Registration lists the following goods and services: "Furniture; Mattresses, Pillows; Beds in Class 20, Textile products, namely, bed linen, bed sets, pillow cases, duvet covers; bed covers; bedspreads; mattresses covers; bed valances, bed skirts, canopies, bedroom curtains, plaids, towels, quilts, blankets and throws; down quilts in Class 24, Clothes, namely, pajamas;

---

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 5**

Footwear, namely, slippers, down socks in Class 25, and Marketing services; retail store services and providing consumer product information featuring beds, bed steads, bed frames, bedroom furniture, mattresses, spring mattresses, overlay mattresses, pillows, down pillows, bed linen, sheets bed sets, pillow cases, duvet covers, bed covers, bedspreads, mattress covers, bed valances, bed skirts, canopies, bedroom curtains, plaids, towels, quilts, blankets, throws, down quilts, pajamas, nightgowns, bathrobes, slippers and down socks, nightcaps, sleep masks and soft toys in Class 35."

19.     Hastens owns U.S. Registration No. 5,877,018 (the ''018 Registration") for the mark depicted below:



20.     The '018 Registration lists the following goods and services: "Furniture; Mattresses, Pillows; Beds in Class 20, Textile products, namely, bed linen, bed sets, pillow cases, duvet covers; bed covers; bedspreads; mattresses covers; bed valances, bed skirts, canopies, bedroom curtains, plaids, towels, quilts, blankets and throws; down quilts in Class 24, Clothes, namely, pajamas; Footwear, namely, slippers, down socks in Class 25, and Marketing services; retail store services and providing consumer product information featuring beds, bed steads, bed frames, bedroom furniture, mattresses, spring mattresses, overlay mattresses, pillows, down pillows, bed linen, sheets bed sets, pillow cases, duvet covers, bed covers, bedspreads, mattress covers, bed valances, bed skirts,

_____
**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 6**

canopies, bedroom curtains, plaids, towels, quilts, blankets, throws, down quilts, pajamas, nightgowns, bathrobes, slippers and down socks, nightcaps, sleep masks and soft toys in Class 35."

21. Hastens owns U.S. Registration No. 5,970,179 (the ''179 Registration'') for the mark depicted below:



22. The '179 Registration lists the following goods and services: "Furniture; Mattresses, Pillows; Beds in Class 20, Textile products, namely, bed linen, bed sets, pillow cases, duvet covers; bed covers; bedspreads; mattresses covers; bed valances, bed skirts, canopies, bedroom curtains, plaids, towels, quilts, blankets and throws; down quilts in Class 24, Clothes, namely, pajamas; Footwear, namely, slippers, down socks in Class 25."

23. Hastens owns U.S. Registration No. 5,970,178 (the ''178 Registration'') for the mark depicted below:



---

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 7**

24. The '178 Registration lists the following goods and services: "Furniture; Mattresses, Pillows; Beds in Class 20, Textile products, namely, bed linen, bed sets, pillow cases, duvet covers; bed covers; bedspreads; mattresses covers; bed valances, bed skirts, canopies, bedroom curtains, plaids, towels, quilts, blankets and throws; down quilts in Class 24, Clothes, namely, pajamas; Footwear, namely, slippers, down socks in Class 25."

25. Hastens owns U.S. Registration No. 5,950,959 (the ''959 Registration'') for the mark depicted below:



26. The '959 Registration lists the following goods and services: "Clothes, namely, nightgowns, bathrobes; Headgear, namely, nightcaps, sleep masks in Class 25."

27. Hastens owns U.S. Registration No. 6,064,837 (the ''837 Registration'') for the mark depicted below:



28. The '837 Registration lists the following goods and services: "Clothes, namely, nightgowns, bathrobes; Headgear, namely, nightcaps, sleep masks in Class 25."

---

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 8**

29. Hastens owns U.S. Registration No. 6,072,194 (the ''194 Registration'') for the mark depicted below:



30. The '194 Registration lists the following goods and services: "Textile products, namely, canopies and bedroom curtains in Class 24."

31. Hastens owns U.S. Registration No. 6,072,195 (the ''195 Registration'') for the mark depicted below:



32. The '195 Registration lists the following goods and services: "Textile products, namely, canopies and bedroom curtains in Class 24."

---
**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 9**

33. Coco & Dash is a small retail establishment that markets and sells home furnishings and accessories in Dallas, Texas. It has only one location at 2819 N. Henderson Ave., Dallas, Texas 75206. In 2019, inspired by photographs of Gloria Vanderbilt's home, which included photos of her iconic pink and white checked sofa, the company decided to market a similar sofa. While on a market trip in North Carolina, Co-Owner Teddie Garrigan saw a sofa offered by the Chaddock Furniture Co. that was reminiscent of this style and was covered in a check fabric. Coco & Dash ordered a buffalo check fabric offered for sale by Brunschwig & Fils, a prominent wholesale fabric company, and had a custom sofa with this fabric built by Chaddock and delivered to its store in Dallas. It is pictured below in the showroom at Coco & Dash:





OCAL | SHOWROOM SAMPLE

:ustom Sofa in Blue and White Brunschwig & 'ils Check Fabric

Jet $10,800 | 20% Off List

.ist $13,500

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 11**

34. In a letter dated November 19, 2021, Hastens, by and through its attorney of record, David May, alleged that the marketing and/or sale of this single sofa, with its blue and white buffalo check fabric constituted trademark infringement by Coco & Dash and violation of the U.S. Lanham Act (15 U.S.C. §§ 1114 and asserting that, unless Coco & Dash agreed to immediately cease and desist from marketing this sofa and any other similar pieces of furniture, and sign a document agreeing that Hastens had sole right to the use of any buffalo check fabric it deemed similar to its fabric design, Hastens would seek to enforce its remedies under U.S.C §§1117(a) and 1117(c).

35. Hastens sells bedding, mattresses, and associated bedroom accessories. The specific types of furniture it sells are set out in its Trademark registrations above. Nowhere in those registrations are sofas, chairs or the like mentioned.

36. While Hastens' claims of infringement are based on their claim to own exclusive rights in the ornamental check fabric pattern, they cannot claim this exclusivity.

37. Numerous entities are selling a variety of goods listed in the Registrations featuring uses of check designs that are highly similar if not virtually identical to Hastens' claimed design.

38. Upon information and belief, none of those entities has been licensed or otherwise authorized by Hastens to sue these check patterns.

39. The similar check designs that are the subject of the Registrations have common ornamental designs for goods related to bedroom furniture, bedding, mattresses, sheets, towels, bed spreads, and apparel.

40. The check design at issue is commonly used and understood in a generic manner in relation to the foregoing goods by the industry, the design trade, and the consuming public.

---

PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 12

41. According to one interior design blog, "buffalo check" fabric dates back to 1850 and "has become one of the hottest trending items."

42. Current examples of the common generic check pattern claimed as a mark by Hastens include, but are not limited to, the following examples. This is a small sample of the companies that offer goods for sale that include fabric with this common generic check pattern. Upon information and belief, none of the following companies are licensed or affiliated with Hastens.



___
**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 14**

43. Accordingly, the marks that are the subject of the Registrations cannot identify or distinguish Hastens' goods from those of other providers of such goods and are, therefore, generic, nondistinctive, and merely ornamental. There are numerous third-party users, unaffiliated with and unlicensed by Hastens, of similar check designs and patterns for bedroom furniture, bedding, sheets, towels, bed spreads, and apparel. Therefore, the marks that are the subject of the Registrations are highly diluted, not distinctive, solely ornamental and not capable of acting as an indicator of source and, therefore subject to or entitled to federal trademark protection.

44. Hastens failure to police or otherwise enforce its alleged marks against unauthorized third- party uses of a check design on or in connection with the goods and services listed in the Registrations constitutes ratification and acquiescence to any claimed unauthorized third party uses.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment as to Non-Infringement and Unenforceability)**

45. Plaintiff restates and realleges each of the foregoing paragraphs 1-45 of this Complaint as if fully set forth herein.

46. Hastens alleges in its demand letters to Coco & Dash that its use of check design is an infringement of Hastens' claimed trademark rights and the above Registrations.

47. Hastens allegations constitute an unambiguous claim that Coco & Dash's use of check designs is an infringement of Hastens' claimed trademark and common law rights and a demand that Coco & Dash must comply with Hastens' demands or face litigation.

48. Coco & Dash has denied and denies that its good faith use of check design fabric patterns does or will create any likelihood of confusion with any of Hastens' products.

---

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 15**

49. The unreasonable demands of Hastens are intended to unfairly and improperly disrupt Coco & Dash's lawful conduct of business, thereby requiring an adjudication of rights of the parties in the dispute identified herein before The Garrigan Group, LLC d/b/a Coco & Dash suffers further damage.

50. An actual case or controversy, therefore, exists within the Court's jurisdiction concerning the validity of Hastens' claimed trademark rights, and the respective rights of the parties. *See* 28 U.S.C. §§ 2201, 2202; Fed. R. Civ. P. 57.

51. Coco & Dash's use of check designs will not cause consumer confusion, does not infringe upon any registered trademark owned by Hastens, does not constitute unfair competition, and does not dilute trademarks owned by Hastens.

52. Plaintiff has no adequate remedy at law and, therefore, seeks declaratory relief as set forth herein.

53. Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark owned by Hastens relating to the marketing or sale of products with fabric in a check design.

### SECOND CLAIM FOR RELIEF
**(Declaratory Judgment as to Unenforceability of Trademark – Mark)**

54. Plaintiff restates and realleges each of the foregoing paragraphs 1-54 of this Complaint as if fully set forth herein.

55. This is a declaratory judgment action under the Trademark Law of the United States 15 U.S.C. § 1051 et seq. (the "Trademark Act"), and 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act"). As an actual justiciable controversy exists by the way of the credible threat of

---

PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 16

immediate litigation and demand to cease and desist marketing and sale of Plaintiff's products and forbearance of the marketing and sale of any similar products, Plaintiff seeks relief from this Court.

56. Plaintiff requests an order declaring that Defendant Hastens' alleged trademarks for fabric and other items with a check design, which has been asserted by Hastens, lack the requisite legal requirements to be protected by trademark on the Principal Register and are unenforceable.

57. Pursuant to 15 U.S.C. §1064 and §1119, each of Hastens' Registrations should, therefore, be declared invalid and ordered cancelled.

WHEREFORE, Plaintiff requests relief as follows:

(a) That this court declare that Plaintiff has the lawful rights to use check designs in any color combination without complaint or further interference from Hastens;

(b) That this court declare that Plaintiff's past and present use of check designs in any color combination has not and does not infringe upon Hastens' Registrations or other trademark rights;

(c) That this court declare that Plaintiff's use of check designs in any color combination does not create a likelihood of consumer confusion with Hastens' registered trademarks or with any common law rights of Hastens;

(d) That this Court issue an Order pursuant to 15 U.S.C. § 1064 and 1119 to rectify the Principal Register of the United States Patent and Trademark Office cancelling each of Hastens' asserted Registrations, and certification of such Order to the Director, who shall make appropriate entry upon the records of the said Office;

(e) That this Court declare that this is an "exceptional case" and an award of Plaintiff's attorney's fees and costs under 15 U.S.C. §1117; and

---

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT
AND RELIEF PURSUANT TO U.S.C. § 1125 - PAGE 17**