UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HÄSTENS SÄNGAR AB,<br>                Plaintiff,<br>     v.<br>THE GARRIGAN GROUP, LLC, et al.,<br>                Defendants. | Case No. 22-cv-03623-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 25 |

       The motion to dismiss is granted. The Garrigan Group is not subject to personal jurisdiction in California. Even if it were, venue is improper in this district.[1]

       Hästens's argument for personal jurisdiction is that the Garrigan Group listed the allegedly infringing sofa on a marketplace based in California, and that on two occasions in the past five years it sold and shipped other items to California customers through that marketplace. This is barely a colorable argument. Chairish, the marketplace, may be headquartered in California, but it is available online to anyone with internet access anywhere. The Garrigan Group did not purposefully direct its activities towards California (or any other state, for that matter) when it listed the sofa on such a widely available platform. And Hästens points to no facts that suggest the Garrigan Group otherwise targeted California. Indeed, the Garrigan Group did not advertise, sell, or ship the sofa to anyone in California.

       The two prior California sales likewise fail to suggest purposeful direction. Those sales make up less than 0.02% of the Garrigan Group's total gross revenue since it started listing items

---

[1] This order assumes that the reader is familiar with the case.

on Chairish. And the fact that the purchasers were in California seems entirely incidental, not purposeful. As with the sofa, the Garrigan Group listed the relevant items on a platform available anywhere with internet access. California customers were not specifically targeted for those sales, nor did the sales create for the Garrigan Group any "'substantial connection' or ongoing obligations" in California. *See Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008).

In any event, even if those two sales somehow suggested purposeful direction and thus constituted "forum-related activities," Hästens cannot seriously argue that its claim here "arises out of or relates to" those activities. *See Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1023 (9th Cir. 2017). Those sales were for non-furniture items that bear no relation to the trademark claims or issues in this case.

This Court's exercise of personal jurisdiction over a defendant must be fair and reasonable. *Id.* It would be neither fair nor reasonable to allow Hästens to drag a modest Texas-based operation to court in a state where it has directed no efforts to market, sell, or distribute the allegedly infringing item, and where it has otherwise made only two sales that make up an insignificant fraction of its overall activities. The extraneous fact that the Garrigan Group has agreed to resolve any disputes with Chairish under California law does not begin to tip the scales towards reasonableness.

Venue is also improper in this district. The Garrigan Group does not reside in the Northern District of California; it resides in Texas. *See* 28 U.S.C. § 1391(b)(1). And no part of the events giving rise to the claim in this case occurred in the Northern District of California. *See* 28 U.S.C. § 1391(b)(2). The sofa was commissioned by a Texas-based company, manufactured in North Carolina, and currently sits in a showroom in Texas. It has never been advertised in, sold in, or shipped to the Northern District of California. In fact, it appears the Garrigan Group has not advertised or sold any items in this district, as the two previous California sales that Hästens points to occurred in Los Angeles.

Section 1391(b)(3) of the venue statute does not help Hästens either. As discussed, the Garrigan Group is not subject to the Court's personal jurisdiction here. *See* 28 U.S.C. §

1391(b)(3). Moreover, there *is* a "district in which an action may otherwise be brought as provided in this section." *Id.* Indeed, there is an action already pending in one such district. If Hästens wishes to pursue trademark infringement claims against the Garrigan Group, it should do so in the Northern District of Texas, where the parties are already embroiled in litigation over the same facts.

It is difficult to imagine how Hästens could amend the complaint to rectify these deficiencies consistent with its Rule 11 obligations, especially since it has already tried once. But, in an abundance of caution, the dismissal is with leave to amend. The amended complaint is due 21 days from the date of this order, and any response from the Garrigan Group is due 21 days after the filing of the amended complaint.

**IT IS SO ORDERED.**

Dated: November 21, 2022

VINCE CHHABRIA
United States District Judge